# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Christy M.,**
**Petitioner Below, Petitioner**

**FILED**

**November 21, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 15-1159** (Harrison County 08-D-276-4)

**Hunter M.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Christy M., by counsel Christopher T. Pritt, appeals the Circuit Court of Harrison County's October 27, 2015, order affirming the family court's order modifying the permanent parenting plan and child support, in addition to other financial issues.[1] Pro se respondent Hunter M. filed a response in support of the circuit court's order. On appeal, petitioner alleges that the family court erred in failing to attribute income to respondent based on his previous three years of employment, backdating child support to July 1, 2012, and attributing petitioner income totaling $42,000.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were divorced by final decree entered in January of 2009. Thereafter, in June of 2012, petitioner filed a notice of relocation indicating that she intended to move to Charleston, West Virginia. In June of 2012, respondent filed an objection to the proposed parenting plan incidental to the relocation and requested that he continue to be designated the primary custodian. Respondent further requested that petitioner be required to pay child support consistent with the revised income shares formula. Thereafter, the parties each filed additional pleadings regarding custody and child support.

By order entered in August of 2012, the family court ordered the parties to participate in

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

mediation. Thereafter, respondent filed an amended objection to petitioner's proposed amendment to the proposed parenting plan in addition to a counterclaim seeking, among other relief, an order granting him the previously requested financial relief. In September of 2012, the family court held a post-mediation status hearing and set the matter for a final hearing in January of 2013. Following the January of 2013 hearing, the family court entered an interim final hearing and injunctive order before setting the matter for another final hearing in May of 2013. The parties were then directed to file briefs pertaining to the financial matters raised in the pleadings.

In August of 2013, the family court entered an opinion letter setting forth findings of fact based upon the evidence. The family court determined that respondent would be designated as the primary residential parent during the school year while petitioner would exercise parenting time during the summer months, among other shared dates. The family court further ordered the parties to provide updated financial information so that it could rule on child support. Thereafter, the family court held several telephone conferences with the parties to address the outstanding financial issues.

In June of 2015, the circuit court entered a final order that modified the permanent parenting plan and child support and addressed other financial issues. In ruling on the issue of child support, the family court made several findings relevant to this appeal, including the following: (1) that respondent's tax year 2011 income should not be considered as usual income or be averaged since it was a "significant outlier" because it constituted seven-to-eight times his typical income; (2) that child support should be backdated to July 1, 2012; and (3) that petitioner's attributed income was $42,000 per year.

In July of 2015, petitioner appealed the family court's order to the circuit court. After holding a hearing, the circuit court affirmed that order by order entered in October of 2015. It is from this order that petitioner appeals.

We have previously established the following standard of review:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004). On appeal, petitioner argues that the family court erred in failing to attribute income to respondent based on his previous three years of employment, backdating child support to July 1, 2012, and attributing petitioner income totaling $42,000. We do not agree.

Upon our review and consideration of the circuit court's order, the parties' arguments, and the record submitted on appeal, we find no error or abuse of discretion by the circuit court. Our review of the record supports the circuit court's decision to deny petitioner relief based on these alleged errors, which were also argued below. Indeed, the circuit court's order includes well-reasoned findings and conclusions as to the assignments of error raised on appeal. Given

our conclusion that the circuit court's order and the record before us reflect no clear error or abuse of discretion, we hereby adopt and incorporate the circuit court's findings and conclusions as they relate to petitioner's assignments of error raised herein and direct the Clerk to attach a copy of the circuit court's October 27, 2015, "Order Affirming Family Court's 'Modified Permanent Parenting Order' And 'Order Modifying Child Support And Addressing Other Financial Issues'" to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 21, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

# IN THE CIRCUIT COURT OF HARRISON COUNTY, WEST VIRGINIA

IN RE THE MARRIAGE/CHILDREN OF:

CHRISTY A. M

       Petitioner,

v.

                                     Civil Action No: 08-D-276-4

HUNTER B. M

       Respondent.

## ORDER AFFIRMING FAMILY COURT'S "MODIFIED PERMANENT PARENTING ORDER" AND "ORDER MODIFYING CHILD SUPPORT AND ADDRESSING OTHER FINANCIAL ISSUES"

### INTRODUCTION

The Appellant in this case, the Petitioner below, Christy A. M      , appeals two orders from the Family Court of Harrison County, West Virginia, entered by the Honorable Cornelia Reep, dealing with a modified permanent parenting plan and child support relating to said parenting plan. The Appellant raises 11 total assignments of error. Eight (8) assignments relating to parenting plan and three (3) relating to the child support. The parenting plan assigned primary residential custody of the children to the Appellee, in Barbour County, during the school year.[1] The Appellant disagrees and believes the children's primary residential custody should have been with her in Kanawha County. The specific assignments as to the parenting plan are as follows:

1. The Court abused its discretion and erred when it made the findings that the petitioner was unable to testify as to any specific terms, as stated in paragraph 15.

---

[1] The Appellee is a bona fide resident of Barbour County. The children in this case attend school in Harrison County.

1

2. The Court abused its discretion and erred when it made findings of fact that the petitioner should have been able to recall what terms were deleted or added.

3. The Court abused its discretion and erred when it made the finding that a de facto arrangement was consistent with the Second Addendum.

4. The Court abused its discretion and erred when it concluded that the petitioner left her husband.

5. The Court erred and abused its discretion when it found the petitioner's behaviors have been manipulative.

6. The Court abused its discretion and erred when it characterized what transpired during the Easter 2013 holiday without the testimonial explanation the petitioner provided.

7. The Court erred and abused its discretion when it characterized the teleconference between the petitioner and her daughter as "tearful" as found in paragraph 27.

8. The Court erred and abused its discretion when it ordered the schedule as stated in paragraph 5 after the "Order" clause.

(Mem. in Support of Pet. For Appeal Re. Order for the Modified Permanent Parenting Plan at 2–3). Although the Appellant raises these assignments of error regarding the modified parenting plan, she has conceded that her disagreement with the substantive outcome is moot, "because she will be relocating to the Harrison County area in the near future . . . [and] a modification will have to be filed." (Mem. in Support of Pet. For Appeal Re. Order for the Modified Permanent Parenting Plan at 4). The specific assignments of error relating to the child support order are as follows:

1. The Court abused its discretion and erred in not attributing income to the respondent based on his previous three years of employment.

2. The Court abused its discretion and erred in backdating child support to July 1, 2012.

3. The Court abused its discretion and erred in attributing the Petitioner income totaling $42,000.00

(Mem. in Support of Pet. for Appeal Re. Order Modifying Child Support at 2).

In response to the assignments of error regarding the parenting plan, the Appellee herein, Respondent below, Hunter B. M.    asserts that "[t]he Petitioner has set forth no

2

assignment(s) of error of the Family Court's application of the law to the facts, other than a blanket statement that the Court committed error and abused its discretion when it ordered the (parenting) schedule stated in paragraph 5 after the Order clause . . . ." (Resp. in Opp. To Pet. for Appeal Re. Modified Permanent Parenting Order at 4). As to the assignments of error regarding the Order modifying child support, the Appellee contends that "the issue in the first two assignments of error is solely whether the Family Court abused its discretion in applying the law to the facts. The third assignment of error relates to the Court's findings of fact and whether they were 'clearly erroneous.'" (Resp. in Opp. To Pet. for Appeal Re. Order Modifying Child Support at 4).

## CONCLUSIONS OF LAW

### A. Standard of Review

1. "In appeals from Family Court, "[t]he Circuit Court shall review the findings of fact made by the family court judge under the clearly erroneous standard and shall review the application of law to the facts under an abuse of discretion standard." W. Va. Code § 51-2A-14(c).

2. "A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Syllabus Point 1, *In re Charity H.*, 215 W. Va. 208, 599 S.E.2d 631 (2004) (citing Syl. Pt. 1, *In re Tiffany Marie S.*, 196 W. Va. 223, 470 S.E.2d 177 (1996); Syl. Pt. 1, *In re George Glen B.*, 205 W. Va. 435, 518 S.E.2d 863 (1999); Syl. Pt. 1, *In re Travis W.*, 206 W. Va. 478, 525 S.E.2d 669 (1999)). "However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if

3

the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." *Id.*

3. "Given a family law master's intimate familiarity with the proceedings, the family law master is in the best position to weigh evidence and assess credibility in making the ultimate ruling on disputed issues." *Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388; 497 S.E.2d 531, 538 (1997)

4. "A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Id.* (citing *Merriam v. Merriam*, 799 P.2d 1172, 1176 (Utah Ct. App. 1990)).

5. "[G]enerally the failure to object constitutes a waiver of the right to raise the matter on appeal." *In re A.W.*, No. 14-1276 2015 WL 3687855 (June 15, 2015) (memorandum decision) (quoting *State v. Asbury*, 187 W.Va. 87, 91, 415 S.E.2d 891, 895 (1992)).

B. **Modification of Parenting Plan**

6. "The court shall modify a parenting plan in accordance with a parenting agreement, unless it finds that the agreement is not knowing and voluntary or that it would be harmful to child." W. Va. Code § 48-9-402(a).

7. "The court may modify any provisions of the parenting plan . . . if the modification is in the child's best interests, and the modification [] [r]eflects the de facto arrangements under which the child had been receiving care . . . without objection, in substantial deviation from the parenting plan, for the preceding six months . . . ." W. Va. Code § 48-9-402(b)(1).

4

## C. Modification of Child Support

8. "A child support order is determined by dividing the total child support obligation between the parents in proportion to their income. Both parents' adjusted gross income is used to determine the amount of child support." W. Va. Code § 48-13-201.

9. Gross income under the child support guidelines is specifically defined in the Code, including a definition for income from self-employment or the operation of a business:

> Income from self-employment or the operation of a business, minus ordinary and necessary expenses which are not reimbursable, and which are lawfully deductible in computing taxable income under applicable income tax laws, and minus FICA and medicare contributions made in excess of the amount that would be paid on an equal amount of income if the parent was not self-employed: Provided, That the amount of monthly income to be included in gross income shall be determined by averaging the income from such employment during the previous thirty-six-month period or during a period beginning with the month in which the parent first received such income, whichever period is shorter[.]

W. Va. Code § 48-1-228(b)(7).

8. A family court may disregard or adjust the guidelines for the calculation of child support awards to "accommodate the needs of the child or children or the circumstances of the parent or parents." W. Va. Code § 48-13-702(a). "The reason for the deviation and the amount of the calculated guidelines award must be stated on the record (preferably in writing on the worksheet or in the order). Such findings clarify the basis of the order if appealed or modified in the future." W. Va. Code § 48-13-702(a). When making a determination as to whether or not the guidelines should be followed, the family court may take into account "[t]he extent to which the obligor's income depends on nonrecurring or nonguaranteed income[.]" W. Va. Code § 48-13-702(b)(7).

5

9. A family court may attribute income to a parent for the purposes of calculating child support obligations if the parent,

> "(1) [v]oluntarily leaves employment or voluntarily alters his or her pattern of employment so as to be unemployed, underemployed or employed below full earning capacity; (2) is able to work and is available for full-time work for which he or she is fitted by prior training or experience; and (3) is not seeking employment in the manner that a reasonably prudent person in his or her circumstances would do . . . ."

W. Va. Code § 48-1-205(b).

10. A Family Court "may modify a child support order, for the benefit of the child, when a motion is made that alleges a change in circumstances of a parent or another proper person or persons." W. Va. Code § 48-11-105(a). The Family Court must also find that there is a substantial change in circumstances to exercise its discretion in this regard. W. Va. Code § 48-11-105(b).

10. "Except for good cause shown, orders granting relief in the form of spousal support or child support shall make such relief retroactive to the date of service of the motion for relief." W. Va. R. Fam. Ct. 23.

## OPINION

### A. Assignments of Error Relating to the Parenting Plan

The Court disposes of the assignments of error relating to the parenting plan as moot. By Appellant's own admission, these assignments of error are moot, for she will be relocating to Harrison County and a modification of the plan will be necessary. Furthermore, the Court finds that all of the assignments of error, except for the eighth assignment, have no bearing on the substantive outcome of the case, and upon a careful review of the record, the Court cannot find

6

that any of the findings challenged by the Appellant are clearly erroneous. Therefore, the Order relating to the modified permanent parenting plan is hereby **AFFIRMED**.

## B. First Assignment of Error Relating to the Child Support Order

The first assignment of error relating to the child support order focuses on the Family Court's calculation of the Appellee's income. Specifically, the Appellant argues that the Family Court erred by not including the Appellee's income during the 2011 tax year while averaging his income over the previous three years. The Appellant cites the definition of "Gross Income" as it relates to self-employment income to support her argument that the Family Court *must* average the income from the previous three years, and she further argues that the Family Court "makes no conclusions of law as to why a legal basis exists for excluding this income." (Mem. in Support of Pet. for Appeal Re. Order Modifying Child Support at 2–3). The Court finds no error in the Family Court's calculation of the Appellee's income.

Although the Code defines Gross Income as an average of the income over the previous three years, the Family Court is given substantial discretion to apply, modify, or disregard the guidelines in a given case. W. Va. Code § 48-13-702. The Family Court need only make a finding on the record as to why the guidelines should be disregarded or modified, and the Family Court made such a finding in this case. In the Order Modifying Child Support, the Family Court specifically found that "[appellee's] tax year 2011 income should not be considered as usual income or even averaged since it is such a significant outlier at 7-8 times his typical income." (Order Mod. Child Support and Addressing Other Financial Issues at 7).

The Family Court's finding comports with the factors outlined in § 48-13-702, specifically subsection (b)(7), which allows the Family Court to consider "[t]he extent to which the obligor's income depends on nonrecurring or nonguaranteed income[.]" W. Va. Code § 48-

7

13-702(b)(7). Reviewing the financial information in the record, the Appellee reported $91,796 in income in 2009, $136,312 in 2010, $1,555,621 in 2011, and $104,682 in 2012. Based on the reported income, the Court cannot conclude that the Family Court's finding was erroneous or that its application of the law to its finding was an abuse of discretion. The Appellee's income in 2011 was indeed an outlier that did not represent his average income, the Family Court made a written finding to that effect in its Order, and it adjusted the child support calculation thereupon as it is permitted to do by law. Furthermore, there was clearly a substantial change in circumstances justifying modification, because the parties had followed a *de facto* parenting plan, which differed significantly from the parenting plan previously in effect, for more than six months prior to the modification.[2] Therefore, the Family Court did not err in its calculation of the Appellee's income.

## C. Second Assignment of Error Relating to the Child Support Order

The second assignment of error relating to the child support order focuses on the backdating of child support charged to the Appellant. Specifically, she argues that it was inappropriate for the Family Court to backdate child support to July 1, 2012, because the Appellee never filed a petition for modification of child support. The Family Court based the backdating of child support on the Appellee's request for child support contained in his "Objection to Proposed Parenting Plan Incidental to Relocation," served on the Appellant on June 15, 2012.

The Appellant bases her argument on *Skidmore v. Rogers*, 229 W. Va. 13, 725 S.E.2d 182 (2011). In *Rogers*, the Family Court denied the Appellee's initial request to increase child support, contained in a response to the opposing party's petition to modify the parties parenting

---

[2] Importantly, the *de facto* parenting plan allocated primary residential custody to the Appellee, whereas the previous parenting plan allocated primary residential custody to the Appellant. (Addendum to Parenting Plan, Dec. 18, 2012; Order Modifying Child Support and Addressing Other Issues, June 22, 2015 at ¶¶ 8–12).

plan, because she "had failed to file a petition for modification, the respective filing fee, a financial statement, or even allege a substantial change in the support award of fifteen percent or more, as required by West Virginia Code § 48-11-105(b)." *Rogers*, 229 W. Va. at 24–25, 725 S.E.2d at 193–94. The *Rogers* Court then discussed the proper procedures for seeking an expedited modification of child support under West Virginia Code § 48-11-106(b), and the Court emphasized the fact that petitions for expedited child support modifications must be filed on "a standardized form," with supporting documentation. *Id.* at 25, 725 S.E.2d at 194 (quoting W. Va. Code § 48-11-106(b) (2009)).

The crux of the Appellant's argument on this point is that the Appellee has never complied with the procedure under § 48-11-106(b) outlined by the Court in *Skidmore*, and thus, there has been no "motion for relief" that may serve as the basis to backdate child support. *See* (Mem. in Support of Pet. for Appeal Re. Order Modifying Child Support at 3–4); *see also* W. Va. Fam. Ct. R. 23; *Rogers*, 229 W. Va. at 25, 725 S.E.2d at 194. The Appellee counters that the Appellant's "reliance on 'standardized forms' is misplaced, as the Supreme Court was simply referring to the availability of 'self-help' forms that are required to be made available to all parties and the necessity of filing Financial Statements and supporting documentation." (Resp. in Opp. To Pet. for Appeal Re. Order Modifying Child Support at 9). He further counters that West Virginia is a notice pleading state, and he was only required to put the Appellant on notice that he was requesting child support and to file the appropriate supporting documentation, which he did through his "Objection to the Proposed Parenting Plan Incidental to Relocation." *Id.* at 9–10.

The Court is not persuaded by either party's reading of *Rogers*. There is no doubt in the Court's mind that the standardized forms discussed by the Supreme Court in *Rogers* are mandatory for a party seeking an expedited modification of child support. However, the

9

modification in this case does not fall under the procedures for expedited modification in § 48-11-106; rather, it falls under the standard modification procedure in § 48-11-105. Therefore, the primary question the Court must answer is whether or not the Appellee's request in his Objection to the Proposed Parenting Plan was sufficient to act as a motion and provide the Family Court with jurisdiction to modify child support.

The West Virginia Supreme Court provided some guidance as to the proper procedures under § 48-11-105 in its decision in *Skidmore v. Skidmore*. 225 W. Va. 235, 691 S.E.2d 830 (2010). In *Skidmore*, the Appellant sought a modification in his child support obligation based on a decrease in his income. *Skidmore*, 225 W. Va. at 244-45, 691 S.E.2d 839-40. However, he only sought the modification after the Appellee had filed two petitions for modifications, and he did not file his own petition or any counterclaim actively seeking a modification. *Id.* The Supreme Court concluded that because the record was devoid of any motion or petition by the Appellant, the Family Court did not err in denying his request for modification. *Id.* at 244-48, 691 S.E.2d at 839-43.

This case is distinguishable from *Skidmore*, in that the record is not devoid of a request by the Appellee for child support. The Appellee alleged a substantial change of circumstances and requested child support in his Objection to the Proposed Parenting Plan. (Obj. to Prop. Parenting Plan Incidental to Relocation, June 18, 2012, at pp. 4-6). The Appellee also reiterated his request for child support in subsequent pleadings. (*See* Amend. Obj. to Pet. June 22, 2012 Amend. to Prop. Parenting Plan Incidental to Relocation, Sept. 6, 2012).

Furthermore, the Court is persuaded by the notion that notice to the non-moving party is the key in this analysis. Under Family Court Rule 23, child support is backdated to the date upon which the motion for relief was served on the other party. *See* W. Va. Fam. Ct. R. 23. Thus, the

10

other party's knowledge of the moving party's request for a modification serves as the basis for backdating the child support. Although the Appellees request in this case did not come in its own discrete petition or motion, it was sufficient to put the Appellant on notice of the Appellee's desire to modify the child support order and to provide the Family Court with jurisdiction to modify the order. Therefore, the Family Court did not err in backdating child support to July 1, 2012—the first day of the month after the request was served on the Appellee. If there was any error at all, it was not backdating the support all the way to June 15, 2012, the date the motion was served on the Appellant.

## D. Third Assignment of Error Relating to the Child Support Order

The Appellant's final assignment of error focuses on income attributed to her by the Family Court for the purposes of its child support calculations. The Family Court attributed an income of $42,000 a year to the petitioner "for all relevant periods," and thusly calculated a gross income of $42,000 per year. (Order Mod. Child Support and Addressing Other Financial Issues at ¶¶ 17–26). The Appellant attended school full-time from 2010 to December 2012 to obtain a master's degree in Leadership/Education administration as part of an economic self-improvement plan.[3] (*Id.* at ¶ 21).

The Family Court made several findings as a basis for attributing income to the Appellant, including that the Appellant's plan of economic self-improvement did not result in an economic benefit to the subject children within a reasonable time; that from July 1, 2012, through the final Family Court hearing, the Appellant was "employed part-time in various positions, some of which had no relation to education or foreign languages . . . [;]" that the Appellant "voluntarily quit or voluntarily altered her pattern of employment so as to be unemployed, not working full time, or working below full earning capacity for the relevant child

---

[3] The Appellant also has a Master's degree in Foreign Languages in Literature.

11

support calculation periods[;]" that "during those periods, [the Appellant] was able to work and was available for full-time work for which she was fitted by prior training or experience; [that] she did not seek employment in the manner a reasonably prudent person in her circumstances would do[;]" that she "has a well-established history of working as a full-time or substitute teacher for various public and private school systems in West Virginia[;] that she has two master's degrees[;] and that she obtained her second master's degree to qualify her to become a school principle. (*Id.* at ¶¶ 17–25). The Family Court also found that, as of the final hearing, the Petitioner had accepted a job teaching French with the Kanawha County Board of Education for the 2013/2014 school year, and her "actual gross income was slightly above $45,000 annually." (*Id.* at ¶ 18, 26). Still, the Family Court utilized the $42,000 figure for its calculations. (*Id.* at 26).

As previously stated, a family court may attribute income to a parent for the purposes of calculating child support obligations if the parent,

> (1) [v]oluntarily leaves employment or voluntarily alters his or her pattern of employment so as to be unemployed, underemployed or employed below full earning capacity; (2) is able to work and is available for full-time work for which he or she is fitted by prior training or experience; and (3) is not seeking employment in the manner that a reasonably prudent person in his or her circumstances would do . . . .

W. Va. Code § 48-1-205(b). This is subject to an exception when the parent to whom income will be attributed is "pursuing a plan of economic self-improvement which will result, within a reasonable time, in an economic benefit to the children to whom the support obligation is owed . . . ." W. Va. Code § 48-1-205(c)(2). Under such a circumstance, "income shall not be attributed to an obligor" who would otherwise meet the criteria for attributed income. W. Va. Code § 48-1-205(c).

12

The only issue this Court has with any of the Family Court's findings relates to the plan for economic self-improvement and the Appellant's availability for work during that time period. However, the Court cannot say that these findings were clearly erroneous, especially given the finding that the plan of economic self-improvement did not result in an economic benefit to the subject children within a reasonable time. The Appellant took roughly two years to obtain her second Master's degree and still made substantially the same level of income she would have made without it. Simply put, this Court finds sufficient evidence in the record to support the Family Court's findings in attributing income to the Appellant, and its application of the law to its findings was not an abuse of discretion. Therefore, the Family Court did not err in attributing income to the Appellant.

## ORDER

Based on the foregoing analysis, it is **ORDERED** the Family Court's Modified Permanent Parenting Order and Order Modifying Child Support and Addressing other Financial Issues are hereby **AFFIRMED**.

It is further **ORDERED** that the Clerk of this Court is hereby directed to send a certified copy of this order to the following:

Christopher T. Pritt
Pritt & Pritt, PLLC
700 Washington Street East, Suite 204
Charleston, WV 25301

Hunter B. M
Mullens & Mullens, PLLC
9 North Main Street
Philippi, WV 26416

Michelle Bechtel
Gianola, Barnum, Bechtel & Jecklin, LC
1714 Mileground Road
Morgantown, WV 26505

ENTER: _10/27/2015_

_____
Judge James A. Marsh

13

STATE OF WEST VIRGINIA

COUNTY OF HARRISON, TO-WIT

I, Donald L. Kopp,II, Clerk of the Fifteenth Judicial Circuit and the 18th Family

Court Circuit of Harrison County, West Virginia, hereby certify the foregoing

to be a true copy of the ORDER entered in the above styled action on the

27 day of October ,2015.

IN TESTIMONY WHEREOF, I hereunto set my hand and affix the Seal of the

Court this 27 day of October ,2015.

_____

Fifteenth Judicial Circuit & 18th

Family Court Circuit Clerk

Harrison County, West Virginia